Thomas J. SICALIDES; T&T Transportation; Michaels, Inc.; Millennium, Inc.; Marie Sicalides,

v.

HARTFORD CASUALTY INSURANCE COMPANY, Appellant,

Thomas J. Sicalides, Michaels, Inc., Millennium, Inc. and T & T Transportation, Appellants.

Nos. 03–1050, 03–1151.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) March 26, 2004.

Decided March 30, 2004.

David M. Ginsberg, Joel M. Flink, Ginsberg LLC, Philadelphia, PA, for Appellants.

Patrick J. Keenan, Duffy & Keenan, Philadelphia, PA, for Appellee.

Before AMBRO, CHERTOFF and BECKER, Circuit Judges.

OPINION

BECKER, Circuit Judge.

This is an appeal by plaintiffs Thomas J. Sicalides, Michaels, Inc., Millennium, Inc., and T&T Transportation (collectively, the "plaintiffs") from the judgment of the Dis-

trict Court entered December 6, 2002 granting judgment as a matter of law in favor of defendant Hartford Casualty Insurance Company ("Hartford"). The plaintiffs' claim against Hartford arose from vandalism at their business premises, apparently by Sicalides's brother Vincent, causing property damage and business interruption. All of the corporate plaintiffs are owned and controlled by Thomas J. Sicalides. The case has a very complicated procedural history, in both state and federal court.

The dispositive ruling before us flowed from the District Court's granting of the defendant's motion to exclude evidence relating to consequential damages. The Court held that the plaintiffs' claims for consequential damages were barred both by the doctrine of collateral estoppel and Pennsylvania insurance law, and, accordingly, any evidence of these damages was irrelevant because they would not be permitted under the law to recover them. The Court reasoned that

> The Plaintiffs have already had the opportunity to litigate their claims for consequential damages in the Court of Common Pleas of Philadelphia in the case of *TJS Brokerage & Co., Inc. v. Hartford Casualty Ins. Co.*, Dec. Term, 1999 No. 2755 (C.C.P.Phil. Dec. 2002)....

> The Plaintiffs did have an opportunity to raise the issue of consequential damages in the state action, and in fact, Mr. Sicalides did raise that issue through *TJS.* The fact that they failed to recover consequential damages in the state ac-

tion does not entitle the Plaintiffs to bring a new action in federal court, but instead their remedy lies in the state appellate courts.

Moreover in order to recover consequential damages for breach of an insurance contract, there must be some bad faith conduct on the part of the insurance company. The issue bad faith was decided against the Plaintiffs in this Court's earlier Order Granting Partial Summary Judgment, as well as the previous state court action.

We note that the "TJS" in TJS Brokerage ("TJS") stands for Thomas J. Sicalides, who owned and controlled it. Because the parties are fully familiar with the background facts and procedural history we need not set them forth, except as necessary to explain our *ratio decidendi.*

On this appeal, plaintiffs argue that their claims are not barred by the doctrine of collateral estoppel, and, concomitantly, that there has been no prior determination with respect to Hartford's obligation to pay for losses related to the vandalism under the applicable insurance policy because there was no prior final adjudication in favor of Hartford. They also complain that the Pennsylvania Superior Court's opinion confuses the issues of damages and liability. Hartford responds that plaintiffs' claims are in fact barred by the doctrine of collateral estoppel. We agree with Hartford and with the District Court, and will affirm on that basis.[1]

The elements of collateral estoppel under Pennsylvania law are well settled.[2] It

---

**1.** We therefore need not resolve the question whether the District Court was correct in concluding that consequential damages are only recoverable if an insurer has breached the contract in bad faith. Because of our disposition, we also do not reach Hartford's cross-appeal of the District Court's denial of summary judgment on plaintiffs' breach of

contract claim based upon the two year limitation of suit provision contained in the insurance policy. We will accordingly dismiss Hartford's cross-appeal as moot.

**2.** We analyze this case under the doctrine of collateral estoppel because the District Court and the parties have done so, but note in

applies when: (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party to or in privity with a party to the prior litigation; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question.

First, there is no doubt that the controlling issues in this action were previously decided in the action filed by TJS against Hartford in state court. The same insurance contract is at issue in both this action and the state court action, and both cases arise from the same alleged vandalism loss. Moreover, Sicalides's damages are based upon the damages claimed by TJS in the state court action. According to Scott McPherson, Sicalides's accounting expert, his estimate of Sicalides's loss of income was based upon TJS's projected loss of income from the vandalism. Indeed, Sicalides was permitted to introduce evidence of TJS's revenues and financial condition on the theory that "Mr. Sicalides, his damages, where he derived his salary from, depended upon the health of TJS."

Additionally, TJS sought in the state court action the lost earnings allegedly sustained by Sicalides due to the vandalism. This was under the Business Income Coverage Form which provided coverage for:

> The operating expenses, including payroll expenses necessary to resume "operations" with the same quality of service that existed just before the direct physical loss or damage;

It follows that Sicalides is seeking to recover in this action the same alleged damages that he sought to recover in the name of TJS in state court, and yet the Pennsylvania Superior court has held that Hartford did not breach the insurance contract by denying coverage for those alleged damages.

Plaintiffs attempt to evade the inexorable conclusion about identity of issues by arguing that Sicalides did not personally sustain the effects of the vandalism until the summer of 2000 when TJS was no longer able to pay his salary. This argument is specious. The state court action was commenced by TJS in December 1999, and the trial of the case did not begin until November 26, 2001. Thus, Sicalides's alleged lost salary occurred while the action filed by TJS was pending, and his alleged lost salary was part of TJS' recoverable damages at trial.

Next, there is no doubt that there was a final judgment on the merits. The opinion (and order) of the Pennsylvania Superior Court, *TJS Brokerage v. Hartford Cas.*, 823 A.2d 1037 (Pa.Super.2003) (unpublished table disposition), was a final judgment on the merits because the Pennsylvania Supreme Court has denied review, *TJS Brokerage Co. v. Hartford Cas. Ins. Co.*, 575 Pa. 698, 836 A.2d 123 (2003). The Superior Court ordered the Court of Common Pleas to enter a judgment notwithstanding the verdict in favor of Hartford. The Common Pleas Court complied. Plaintiffs' efforts to re-challenge the Superior Court's opinion is a useless effort which is, at all events, unconvincing. Furthermore, the order and opinion entered on July 26, 2002, by the Common Pleas Court was a final judgment on the merits with regard to TJS's bad faith claim.

The existence of privity is also clear. TJS shared with plaintiffs a concurrent right to the benefits of the insurance policy

---

passing that *res judicata* may be the more appropriate rubric, since the entire claim for consequential damages was determined in the

Pennsylvania courts. At all events, the analysis is similar and the result the same under either preclusion doctrine.

issued by Hartford. They are all co-insureds. Plaintiffs have alleged that they and TJS all had an insurable interest in the damages and loss to property caused by the alleged vandalism. The "bottom line," however, is that all of the companies belonged to Sicalides, and he thus claims to have owned all of the damaged property. Sicalides also controlled the prior litigation. And, as noted above, the "TJS" of TJS Brokerage & Company, Inc. stands for Thomas J. Sicalides. He is the sole owner of TJS, as well as the corporate plaintiffs in this suit, and he is also the only beneficiary of any recovery TJS obtained from Hartford in the prior action.

Finally, the issues of Hartford's alleged breach of contract and bad faith were fully and fairly litigated in the prior action. Thus all of the elements of collateral estoppel are met. The judgment of the District Court will therefore be affirmed, and Hartford's cross-appeal will be dismissed as moot.